TUGGLE v. HOLMAN REAL ESTATE COMPANY.

Opinion delivered October 30, 1916.

1. PLEADING AND PRACTICE—TIME FOR FILING ANSWER IN CIVIL ACTION.—Under Kirby's Digest, § 6188, as amended by Act 290, p. 1081, Acts of 1915, the answer or defense to any complaint or cross complaint must be filed before noon of the first day the court meets in regular or adjourned session where the summons has been served twenty days in any county in the State; and judgment by default may be rendered on any day of any regular or adjourned session when the defense has not been filed on or before noon of the first day of

court twenty days after the service of summons.  (For good cause, however, the trial court has a discretion to allow further time.)

2.  CONTRACTS—ACTION FOR BREACH—SUFFICIENCY OF COMPLAINT.— A agreed to purchase property from B and paid him a certain sum as part of the consideration.  Thereafter B agreed to return this sum in consideration  of A's giving B a quitclaim deed to the property; this A did.  *Held,*  where A set these facts out in a complaint praying judgment against B for the amount he agreed to pay to A in consideration of the quitclaim  deed, that a demurrer thereto was improperly sustained on the ground that the complaint did not state a cause of action.

Appeal from Pulaski Circuit Court; Third Division; *G. W. Hendricks,* Judge; reversed.

*Troy W. Lewis* for appellant.

*W. T. Tucker* of counsel.

1.  Pleadings must be filed within twenty days after service by summons.  Kirby's Digest, § 6037, Act 290, Acts 1915; Kirby's Digest, §§ 6038, 6111. Appellee was in default and judgment by default should have been rendered against it.  79 Ark. 252; 28 *Id.* 204; 102 Ark. 205; 97 *Id.* 38.

2.  The Act does not attempt to deprive the trial judge of his discretion when a good cause is shown. Kirby's Digest, §§ 6111, 6188.  But it does fix a limit on such discretion.  Here there was an abuse of the court's discretion.

3.  No pleading was filed within the time limit and no good cause shown for failure.  The demurrer should have been overruled.  The complaint stated a cause of action and the court had jurisdiction.  27 Oh. St. 366; 26 Cal. 11.  A consideration was shown. 2 Kent Com. 465; Newman on Pl. & Pr. 327; 24 Ark. 201; 21 *Id.* 20; 1 *Id.* 228.  There was a legal, binding obligation to pay the $323.30.

*Carmichael, Brooks, Powers & Rector* for appellee.

1.  The demurrer was filed in time and was a defense to the suit.  The Act gives the court discretion to grant further time.  Kirby's Digest, §§ 6111, 6118

and Act 290, Acts 1915; 79 Ark. 252, 254; 42 *Id.*
269; 4 *Id.* 526; 125 Fed. 269, 270.

2.    The provisions of the Act are not mandatory
on the Courts.    49 Ark. 163; 79 Ark. 252.

3.    The complaint does not state a cause of action,
nor that the amount claimed is more than $100.00.
The letter was no part of the pleadings.    85 Ark. 223;
38 *Id.* 127; 97 *Id.* 546.

SMITH, J.    Appellant, who was the plaintiff below,
filed the following complaint:

"Comes the plaintiff, E. E. Tuggle, and for his
cause of action against the defendants, Holman Real
Estate Company, complains and alleges:

"That the defendant is a corporation existing
under and by virtue of the laws of Arkansas relating to
corporations and is doing a general real estate business
in Pulaski County, Arkansas.

"That the plaintiff bought from or through the
defendant the house and lot described as follows:
Lot four (4), block eleven (11), Braddock's Addition
to the City of Little Rock, Arkansas, and received
a bond for the title or contract of purchase.    That so
much of the purchase money paid was to be rent and
the remainder of it to be equity of the plaintiff.

"That plaintiff made payments on said place until
his equity, according to the said agreement, amounted
to $323.20 as shown by the defendant's books and by
the officers and agents of the defendant, acknowledging
the equity of the plaintiff for said amount.

"That on the 18th day of January, 1915, the plain-
tiff accepted from the defendant a proposition to make
it a quitclaim deed to the said property.    The proposi-
tion was set out in a letter by the defendant and partly
expressed the agreement that was finally reached before
the making of the quitclaim deed.    Said letter is hereto
attached and made a part of this complaint the same
as if here recited in full.    The defendant was to pay
$323.20 to the plaintiff and give him the right to sell
the property for more if he could do so in sixty days,

and it was to make effort to sell it for him in said sixty days, less commission and paying for transfer papers, and if it failed to sell for him within the said sixty days then its moral obligation was satisfied. That the consideration promised for said quitclaim deed has not been paid though often demanded.

"Wherefore, the plaintiff prays judgment for the said sum of $323.20 and for all just and proper relief."

And attached thereto was the following exhibit:

"Little Rock, 1-18-1915.

"Mr. E. E. Tuggle, City.

"Dear Sir:

"In regard to the amount which you are due us on the cottage at 3813 West 16th St., will say that when you and your wife have executed the quitclaim deed to the property we will then hold it in the following manner: If you are personally successful in disposing of this property within 60 days (sixty) to a buyer capable of carrying out your contract then all above the amount you are due us will go to you.

"It is also agreed that we are to use our efforts to dispose of this property and if within 60 days (sixty) we are successful in so doing then all above the expense (such as 5% commission, transfer of papers, etc.) and amount of your debt will go to you.

"At the end of 60 days from date if neither have made sale then this moral obligation will have been satisfied in full.

"Yours truly,
"HOLMAN REAL ESTATE CO.
"By *W. E. L., Secy.*"

Upon this complaint summons issued and was served on August 17, 1915.

On September 11, 1915, appellee filed a demurrer and for cause said:

"First. That the complaint does not state facts sufficient to constitute a cause of action.

"Second.  That the court has no jurisdiction to hear and determine said cause."

On September 27, 1915, appellant filed a motion for a default judgment in which he alleged that more than twenty days had elapsed between the date of the service of summons and the filing of the demurrer. This motion also alleged that it "is filed on the first day of the term the first day the court has been in session since said default for general business."

A motion was also filed by appellant to strike the demurrer from the files of the court on the ground that it was not filed within twenty days of the date of the service of the summons.

Both motions filed by appellant were overruled, and the demurrer to the complaint was sustained, and upon appellant declining to plead further the complaint was dismissed, and this appeal has been duly prosecuted from that order.

Appellant insists that appellee was in default in pleading to his complaint and that judgment should have been rendered in his favor under the provisions of Act No. 290 of the Acts of 1915, p. 1081. This is an Act entitled "An Act to regulate pleading and practice in the circuit and chancery courts of the State of Arkansas."

Section 6 of this Act amends Section 6111 of Kirby's Digest to read as follows:

"Section 6111.  The defense to any complaint or cross-complaint must be filed before noon of the first day the court meets in regular or adjourned session after service:  First.  Where the summons has been served twenty days in any county in the State:  Second * * *  ; Third * * *".

Section 6188 of Kirby's Digest is amended to read as follows:

"Section 6188.  Judgment by default shall be rendered by the court on any day of any regular or adjourned session in any case where the defense has not been filed within the time allowed by sections 6111

and 6116, provided, that the court may for good cause allow further time for filing a defense.''

(1)    The effect of these amendments is to require the defense to any complaint or cross-complaint to be filed before noon of the first day the court meets in regular or adjourned session where the summons has been served twenty days in any county in this State; and judgment by default may be rendered on any day of any regular or adjourned session when the defense has not been filed on or before noon of the first day of court twenty days after the service of summons. There is a proviso, however, that for good cause the court may allow further time.    And we are not prepared to say that an abuse of discretion is shown here in permitting the demurrer to be filed, even though the pleading was not filed in time, inasmuch as no action could have been taken by the court prior to the day on which the demurrer was filed.

We conclude, therefore, that the court below properly overruled both motions filed by appellant.

(2)    Counsel for appellee insist that the demurrer was properly sustained upon both grounds assigned. It is argued that if default had in fact been made judgment could not have been pronounced for any given sum.    But we do not agree with counsel in this contention.    The complaint alleges, in substance, that a quitclaim deed was executed and delivered to the property there described for the agreed consideration, $323.20, and that there had been a refusal to pay this consideration, although frequent demand therefor had been made.    There is attached to the complaint and made an exhibit thereto a letter from appellee to appellant containing certain propositions, which appellant has approved as being satisfactory to him; and while there are no allegations in the complaint which show that any rights have accrued to appellant under the provisions of this exhibit, there is nothing in its recitals which contravene the allegation of the complaint that appellee agreed and promised to pay $323.20 for the execution and delivery of this deed.

As a second ground of demurrer appellee says that it does not appear that the amount sued for exceeds $100.00 and that the circuit court, therefore, had no original jurisdiction of this cause of action.

It follows, however, from what we have just said, that the sum sued for is $323.20, and this second ground of demurrer is not, therefore, well taken.

The judgment of the court below sustaining the demurrer is reversed and the cause will be remanded with directions to overrule it.

McCulloch, C. J. and Kirby, J., dissent.