DUNBAR *v.* HOWELL.

4-2473

Opinion delivered June 6, 1932.

*J. V. Bourland,* for appellant.
*Paul M. Lynch,* for appellee.

SMITH, J.   On July 13, 1931, Mrs. Bessie Howell
filed suit in the Sebastian Chancery Court, Fort Smith
District, against E. C. Dunbar and his wife to foreclose
three separate mortgages executed to her by them.   Each
mortgage secured a separate debt and conveyed a dif-
ferent lot as security therefor. Summons issued as is
provided by law, and was duly served the day after the

issuance thereof. After service of summons, a receiver was appointed by order of the court to take possession of the mortgaged property. The receiver qualified as the law requires, and collected certain rents, a report thereof being later made and confirmed by the court.

No answer was filed, and a decree was entered ordering the foreclosure of the mortgages, and pursuant to this decree a sale was had by a commissioner named for that purpose. The decree of foreclosure directed that the sales be made on a credit of three months and that the purchaser be required to give bond, with approved security, for the purchase money, with lien retained upon the property sold as security.

Tom Dunbar, a brother of E. C. Dunbar, was the highest bidder at the commissioner's sale, and all three lots were sold to him. He failed to comply with his bid by executing the bond which the decree of sale required. The sale occurred at Fort Smith, and Tom Dunbar asked that he be given two or three days in which to return to his home in Dardanelle and secure the execution of the bond which the decree of sale required. The commissioner refused to give the three days' time requested, but did give three hours, and when Tom Dunbar failed to complete his bid by executing the bond required the commissioner, on the same day, reoffered the lots for sale and sold them to Mrs. Howell, the plaintiff in the action, for $500 each, or the total sum of $1,500, which was only $25 less than the sum total of Tom Dunbar's bid.

The commissioner filed on October 3, 1931, a report of the sale, which came on for confirmation at the same term of the court. Exceptions were filed to this report, which have been lost and do not appear in the record. There was filed a response to these exceptions, which does appear in the record.

An order was entered at the October, 1931, term of the court which recites that on October 7, 1931, a day of that term, the exceptions came on to be heard, and that "this is the date and hour previously fixed for the hear-

ing of said exceptions of which plaintiff and defendants had notice," and that the plaintiff appeared, but the defendants did not, and that "the cause is submitted upon the exceptions of the defendants and plaintiff's response thereto, and the testimony of witnesses, and on the whole record, from all of which the court finds the issues of law and fact in favor of the plaintiff." The testimony, which this order recites was heard by the court, has not been brought into the record. Upon this finding the exceptions to the report were overruled, and the report of sale was approved and confirmed.

Later a "motion for review and amendment" was filed by E. C. Dunbar, which recites that the motion is in the nature of a bill of review. This motion recites the various reasons why the report of sale should not have been approved, and, among others, that Dunbar had no notice of the hearing of the report. Testimony was heard on this motion and the response thereto, which has been brought into the record before us. It was alleged in the response that objections and exceptions to the report were made which had not been originally made.

Upon hearing this motion and the response thereto the court prepared a written opinion, which was incorporated in the decree rendered therein and from which is this appeal. This opinion contains the following recitals:

### "OPINION OF THE COURT.

"Referring to the matter we had on hearing this morning in the case of *Bessie Howell* v. *E. C. Dunbar et al*, No. 8192; I have gone into the matter very carefully and read the motion to substitute exceptions for those filed in the case on the 5th day of October, 1931, and relying principally upon my own memory as to what the exceptions contained at that time, I shall be compelled to deny the motion to substitute the exceptions filed today for the ones filed at that time and alleged to have been lost.

"The original motion, or exceptions, in the case were filed some time near the 5th of October, and, upon proof being made on the 7th day of October that the attorney for defendants had been notified that there would be a hearing on his exceptions, the hearing was had and proof taken with regard to all matters in the exceptions as filed at that time. The exceptions were overruled, and, upon request of the defendant, an appeal to the Supreme Court was granted. At the same time the court signified that, while the court was in session, the case, on his motion, would be reopened and any additional testimony might be heard, but attorney for defendant said that would not be necessary; that he would just go on with the appeal.

"I find that the new exceptions proposed to be substituted for the original ones to contain many matters that were not in the original exceptions. The original exceptions were practically as testified to, I think, today by Mr. Wood—in substance, at least. I think he covered about all the issues raised at that time; so, that being the case, it is necessary that I deny the motion to substitute the substituted exceptions."

The findings of fact there recited do not appear to be contrary to the preponderance of the evidence.

The original decree overruling the exceptions to the report of sale and approving the sale was rendered October 7, 1931, and the transcript on the appeal from that decree was filed December 21, 1931, and the record has been amended to bring before us the subsequent proceedings above recited. We have before us all the papers and proceedings in the cause save only the original exceptions to the report of sale, and we find no irregularity calling for the reversal of the decree approving the report of sale and ordering deed to be made pursuant thereto.

It appears that the decree of foreclosure was rendered fifty-one days after service of summons was had. In the meantime there had been several adjourned ses-

sions of the court. The rendition of the decree under the facts herein stated was authorized by act 290 of the Acts of 1915, page 1081.* This is an act entitled "An Act to regulate pleading and practice in the Circuit and Chancery Courts of the State of Arkansas," and was construed in the case of *Tuggle* v. *Holman Real Estate Co.,* 126 Ark. 25, 189 S. W. 169. It was there held (to quote a headnote in that case) that: "Under Kirby's Digest, § 6188, as amended by act 290, p. 1081, Acts of 1915, the answer or defense to any complaint or cross-complaint must be filed before noon of the first day the court meets in regular or adjourned session where the summons has been served twenty days in any county in the State; and judgment by default may be rendered on any day of any regular or adjourned session when the defense has not been filed on or before noon of the first day of court twenty days after service of summons. (For good cause, however, the trial court has a discretion to allow further time.)" See also, *Southwest Power Co.* v. *Price,* 180 Ark. 567, 22 S. W. (2d) 373.

As defendants were in default of an answer when the decree of foreclosure was rendered, the decree was properly rendered. It may be said, moreover, that no valid defense to the foreclosure suit is alleged.

We are also of the opinion that the exceptions to the report of sale were properly overruled, and that no error was committed in approving the report. We do not know upon what testimony that action was taken, and we know only that testimony was heard which has not been brought into the record.

As an original proposition, the only reasons requiring discussion for not approving the report of sale are: (1) that the decree of foreclosure was prematurely rendered; (2) that the commissioner should have given Tom Dunbar the time requested to comply with his bid; (3) that the report was heard and confirmed without notice; and (4) that the sale was for a grossly inadequate

*Crawford & Moses' Digest, §§ 1208, 1285. (Rep.)

6

price. But, as has already been stated, the decree was not rendered prematurely. There was no error in refusing Tom Dunbar the time requested to complete his bid. The terms of sale were provided in the decree of sale and in the notice thereof, and the purchaser should have been prepared to comply therewith. Had the time requested been given, and had the purchaser failed to comply with his bid, a resale might and probably would have been necessary. The law contemplates that the sale shall be made on the day advertised, and the execution of the bond on that day was a part of the sale, and the purchaser should have been prepared to execute the bond on that day. See § 41, chapter Judicial Sales, 35 C. J., page 29. The court found that the exceptions were heard at the time appointed for that purpose. And, as to the inadequacy of price, it suffices to say that the bid of Tom Dunbar for all the lots was only $25 more than the bid approved by the court.

Upon a consideration of the entire record, the decree appears to be correct, and it is therefore affirmed.